**CITICORP REAL ESTATE, INC., a Delaware corporation, Plaintiff,**

v.

**The CADILLAC FAIRVIEW CORPORATION LIMITED, an Ontario corporation; and Cadillac Fairview, Inc., an Ontario corporation, Defendants.**

No. 94 C 5530.

United States District Court, N.D. Illinois, Eastern Division.

Feb. 28, 1995.

Eric A. Oesterle, Richard M. Hoffman, Chicago, IL, for plaintiff.

Stephen Novack, P. Andrew Fleming, Sandra E. Raitt, Chicago, IL, for defendants.

### ORDER

BUCKLO, District Judge.

In this action, plaintiff, Citicorp Real Estate, Inc. ("Citicorp"), seeks to enforce the terms of guarantees signed by defendants, The Cadillac Fairview Corporation Limited ("CFCL") and Cadillac Fairview Inc. ("CFI"). Plaintiff alleges that defendants became liable for $3,500,000 plus interest when Cadillac Fairview U.S., Inc. ("CFUS") failed to pay that amount on March 15, 1994. Plaintiff alleges jurisdiction under 28 U.S.C. § 1332(a)(2).

Defendants seek dismissal of this action on three grounds. First, defendants argue that plaintiff failed to allege an amount due under

a guarantee signed by Metropolitan Structures ("Structures") which defendants claim is necessary in order to determine how much defendants owe under their guarantees. Secondly, defendants allege that Structures is a necessary party and that if Structures is joined diversity will be destroyed. Finally, defendants argue that plaintiff has failed to allege performance of all conditions precedent.

I have reviewed the documents in question as well as the briefs filed the parties and conclude that plaintiff was not required to allege an amount due under the Structures guarantee, nor to join Structures as a party to this action. Under a certain modification agreement dated May 26, 1992, Office Tower Partnership II ("borrower") agreed to cause Structures and CFUS to each pay to lender one-half of a total 1994 contribution in the amount of $7,000,000. On that same date, CFUS signed a guarantee under which it agreed to pay $3,500,000 in 1994. The guarantee stated that its obligations would be separate from the obligations of Structures, and that its obligations did not include an obligation to pay any amount due and owing from Structures. In that same document CFUS specifically agreed that its guarantee could be enforced by the lender without the necessity of seeking any remedy that lender might have against Structures or any other party that might be liable for the indebtedness. On May 26, 1992, the defendants signed reguarantees in which they guaranteed the full and prompt payment of all sums that might be payable and owed by CFUS under the CFUS guarantee.

Under the plain language of the agreements, defendants' liability is separate from, and can be determined separately from, any liability of Structures. Furthermore, if amounts paid by Structures somehow become relevant to the amount owed by defendants, that amount can be determined by discovery. Since under the contract defendants' liability is separate from that of Structures', there could be no necessity in doing so.

With respect to defendants' last contention, they note that *Redfield v. Continental Casualty Co.*, 818 F.2d 596, 610 (7th Cir. 1987), states that "[a]n essential allegation of a complaint based upon a breach of contract is that the plaintiff performed all contractual conditions required of him." As defendants note, plaintiff does not specifically make such an allegation in this complaint. Plaintiff says the only conditions precedent were a default by CFUS and a demand on defendants by plaintiff, both of which are alleged. Defendants refer to paragraph 3 of the CFUS agreement which does allow a defense based upon a failure of the lender to fulfill its obligation to disburse the loan pursuant to the loan agreement. Since that is a defense I am not sure plaintiff is required to plead its compliance. Nevertheless, the safe solution is to amend the pleadings. Accordingly, plaintiff will be given ten days to file an amended complaint alleging, consistent of course with Rule 11, Fed.R.Civ.P., performance of all contractual conditions required of it.

For the reasons stated herein, defendants' motion to dismiss is denied with the requirement that plaintiff file an amended complaint alleging compliance with conditions precedent.